# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

RICHARD TALLEY,

      Plaintiff,

      vs.                                                        No. CIV 97-1320 JC/JHG

FURR'S MARKET, INC. and NEW MEXICO
DEPARTMENT OF LABOR,

      Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING APPOINTMENT OF COUNSEL

THIS MATTER comes before the Court upon Plaintiff's Motion for Extension of Time and Appointment of Counsel, filed April 3, 1998 (Doc. No.14).  Plaintiff requests the Court appoint counsel to represent him in the above-captioned action, which is a suit pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 2000(a) *et seq*.  The Court has reviewed the motion and the relevant authorities.  The Court finds that Plaintiff's Motion for Appointment of Counsel is not well taken and will be denied; Plaintiff's Motion for Extension of Time is well taken and will be granted.

The Court may request an attorney to represent any person proceeding *in forma pauperis* who is unable to employ counsel. 28 U.S.C. § 1915(e)(1).  The Court cannot, however, compel an attorney to represent a litigant under this provision.  Mallard v. United States Dist. Court for the Southern Dist. of Iowa, 490 U.S. 296, 309 (1989).  Appointment of counsel to represent an indigent proceeding pursuant to 28 U.S.C. § 1915 is a matter of discretion for the trial court.  See Shabazz v. Askins, 14 F.3d 533, 535 (10th Cir. 1994).  Further, there is no constitutional right to

assistance of counsel in the prosecution of a civil rights action.  <u>Bethea v. Crouse</u>, 417 F.2d 504, 505 (10th Cir. 1969).

Since Magistrate Judge Galvan denied Plaintiff's Application to Proceed *in forma pauperis* on October 14, 1997 (Doc. No. 2), I will not appoint counsel pursuant to 28 U.S.C § 1915(e)(1).  Consequently, Plaintiff's motion for appointment of counsel will be denied.

Furthermore, on March 19, 1998, I ordered Plaintiff to file a responsive brief to Defendant Furr's Motion to Dismiss, no later than April 3, 1998, or the motion would be granted and Plaintiff's claims against Furr's would be dismissed.  Plaintiff timely filed a Motion for Extension of Time on April 3, 1998, and therefore, that motion will be granted.

Wherefore,

IT IS ORDERED that Plaintiff's Motion for Appointment of Counsel be, and hereby is, **denied**.

IT IS FURTHER ORDERED that Plaintiff's Motion for Extension of Time be, and hereby is, **granted**.  Plaintiff shall file his responsive brief, in compliance with D.N.M.LR-Civ. 7.4 and 7.7, to Furr's motion to dismiss no later than **April 20, 1998**, for it to be considered by the Court in ruling on the motion.  If Plaintiff fails to respond by April 20, 1998, the Court will deem that Plaintiff has consented to the granting of the motion, and Plaintiff's claims against Defendant Furr's Market, Inc., will be dismissed.

DATED this 7th day of April, 1998.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

Plaintiff *Pro Se*:            Richard Talley
                               Sycamore, Kansas

Counsel for Defendant Furr's:  Julie E. Chicoine
                               Hatch, Allen & Shepherd, P. A.
                               Albuquerque, New Mexico