IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


RICHARD TALLEY,

        Plaintiff,

        vs.                                                             No. CIV 97-1320 JC/JHG

FURR'S MARKET, INC., and
NEW MEXICO DEPARTMENT of LABOR,

        Defendants.


**MEMORANDUM OPINION AND ORDER**

THIS MATTER came on for consideration of the Motion to Dismiss filed January 8, 1998 by Defendant Furr's Market *(Doc. 8)*, and Plaintiff Richard Talley's Motion to Amend *(Doc. 23)*, filed May 28, 1998. The Court has reviewed the motions, the memoranda submitted by the parties and the relevant authorities. The Court finds that the Furr's Motion to Dismiss is well taken in part, and will be granted in part. The Court finds that Plaintiff's Motion to Amend is well taken and will be granted.

**I.    Background**

*Pro se* Plaintiff Richard Talley alleges two claims against the New Mexico Department of Labor and Furr's Market for actions occurring in January 1997. Specifically, Mr. Talley, an African-American male, alleges that he walked into the Furr's Market on Louisiana Boulevard in Albuquerque, at approximately 10:30 a.m., and approached the deli counter. Employees behind the deli counter allegedly saw him, but no one offered to help him. During the approximately 30-45

minutes Plaintiff waited for service, deli employees allegedly waited on a white couple who arrived after Mr. Talley.  Plaintiff alleges that this refusal of service was due to his race.

Mr. Talley complained to the store manager, Mr. Bill Small, who offered to send him a letter of apology.  Mr. Talley claims he felt "extremely humiliated" by the situation.  Plaintiff then filed a charge against Furr's with the New Mexico Department of Labor ("NMDOL") alleging a violation of § 28-1-10 of the New Mexico Human Rights Act.  This charge of discrimination was dismissed in September 1997 for no probable cause.

On October 8, 1997, Plaintiff filed this complaint in federal district court against both Furr's and the NMDOL alleging violations of 42 U.S.C. § 1983 and § 2000a.  Plaintiff asks for "preventative damages" [sic] of $50,000 against NMDOL and $100,000 against Furr's.  Defendant NMDOL has entered a special appearance to advise the Court that service had not been properly completed in accordance with Rule 4 of the Federal Rules of Civil Procedure.  Defendant Furr's filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.  Since then, Plaintiff has filed a motion to amend to include an allegation that Furr's refused to transfer his membership card from the store on Central Avenue in Albuquerque to the store on Louisiana Boulevard in Albuquerque on the basis of his race.

**II.     Analysis**

      **A.     Talley's Motion to Amend**

The decision whether to grant a motion to amend is generally left within the discretion of the district court.  Phelps v. Wichita Eagle-Beacon , 886 F.2d 1262, 1274 (10th Cir. 1989).  However, Fed. R. Civ. P. 15(a) states that an amendment to a pleading should be "freely given when justice so requires."  The Court should apply liberal standards when a plaintiff is proceeding *pro se*.

See Haines v. Kerner, 404 U.S. 519, 520 (1971); Reynoldson v. Shillinger, 907 F.2d 124, 125-26 (10th Cir. 1990). The Court may deny the motion if it determines that the proposed amendment is futile and cannot withstand a motion to dismiss. Foman v. Davis 371 U.S. 178, 182 (1962). The Court will consider Plaintiff's motion to amend in light of these standards.

Defendant Furr's argues that the motion to amend should be denied for two reasons. First, Plaintiff's proposed new allegations of a pattern of discrimination with various housing authorities are irrelevant to his claims of racial discrimination against Furr's. Second, the alleged refusal to transfer his membership card from one store to another cannot withstand a motion to dismiss under either 42 U.S.C. § 1983 or 42 U.S.C. § 2000a.

Applying the liberal standards appropriate in *pro se* cases, Defendant's arguments miss the mark. Plaintiff is not seeking to amend his complaint to include claims for relief based upon disputes with the various housing authorities, **nor would he be permitted to do so**. As Plaintiff himself has conceded, "this Court has no jurisdiction of this housing matter." Plaintiff's Motion to Amend at 1. Talley is merely explaining why Defendant Furr's has encountered difficulties in contacting him.

Plaintiff likewise would not be permitted to amend his complaint to state a new claim on the basis that the market allegedly refused to transfer his membership card. Nevertheless, this allegation may be probative of the required intent to discriminate under 42 U.S.C. § 2000a. Thus, I will grant Plaintiff's motion to amend **only to add these new factual allegations**.

Plaintiff should note that I am not granting him permission to amend his complaint to include any new claims. Nor am I granting Plaintiff permission to amend his complaint to include any new factual allegations about claims which are dismissed below.

**B.     Furr's Motion to Dismiss**

The United States Supreme Court has stated that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-6 (1957). Indeed, *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. at 520. In ruling on a motion to dismiss, the Court must assume all of the allegations of the complaint are true and construe them in the light most favorable to the plaintiff. Gagan v. Norton, 35 F.3d 1473, 1474 n.1 (10th Cir. 1994).

**1. Section 1983 claim**

Section 1983 of Title 42 states in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983 [emphasis added]. Thus, in order to establish a § 1983 violation, the plaintiff must demonstrate that the defendant was acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

The definition of acting under color of state law "requires that the defendant have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." Id. at 49 (quoting United States v. Classic, 313 U.S. 299, 326 (1940)). Private conduct that is not "fairly attributable" to the State is simply not actionable under § 1983. Jojola v. Chavez, 55 F.3d 488, 492 (10th Cir. 1995). Plaintiff concedes that Furr's Market is not a

state-owned store. Further, Plaintiff has alleged no facts to support a conclusion that Defendant Furr's is either a state actor or acting under color of state law. Because Plaintiff has failed to state a viable claim under § 1983, I will grant the defendant's motion to dismiss this federal claim.

### 2. Section 2000a claim

Assuming all of the allegations of the complaint to be true and construing the complaint liberally and in light most favorable to the plaintiff, the claim for monetary damages must be dismissed. Section 2000a of Title 42 states in relevant part:

> All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination, or segregation on the ground of race, color, religion, or national origin.

The Supreme Court has held that such accommodation claims are private in form only, and no monetary damages can be recovered. Newman v. Piggie Park Enters., Inc., 390 U.S. 400, 401-2 (1968). Congress deliberately provided no damages remedy in the Public Accommodations Act. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150-51 n.5 (1969). Thus, Plaintiff's requested $100,000 in "preventative damages" against Furr's constitutes an unavailable remedy under § 2000a.

The sole available and effective relief against owners and proprietors of public accommodations is injunctive relief. Fisher v. Shamburg, 624 F.2d 156, 161 (10th Cir. 1980). I will assume for the purposes of this motion that Furr's qualifies as a place of public accommodation within the meaning of § 2000a. But see, Thomas v. Tops Friendly Markets, Inc., No. CIV-A-96-CV-1579, 1997 WL 627553, at *3 (N.D.N.Y. Oct. 8, 1997). Applying the liberal standards to *pro se* complaints, I find that Plaintiff has in fact sought injunctive relief. Therefore, at

this juncture, I will deny the motion to dismiss this claim, and the plaintiff will be allowed to proceed for injunctive relief only on his § 2000a claim.

Wherefore,

IT IS ORDERED that Plaintiff Richard Talley's Motion to Amend *(Doc. 23)* insofar as it seeks to add factual allegations, but no new claims, be, and hereby is, **granted.**

IT IS FURTHER ORDERED that the Motion to Dismiss filed by Defendant Furr's Market, Inc. *(Doc. 8),* be, and hereby is, **granted in part.** The § 1983 is hereby dismissed with prejudice, and the claim brought under 42 U.S.C. § 2000a insofar as it seeks monetary damages is also dismissed with prejudice. In all other respects, the Motion to Dismiss is **denied.**

DATED this 31st day of July, 1998.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

*Pro se* Plaintiff:          Richard Talley
                             Dayton, Ohio

Counsel for Defendant Furr's:   Julie E. Chicoine
                                Marcia E. Lubar
                                Hatch, Allen & Shepherd, P. A.
                                Albuquerque, New Mexico