# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

RICHARD TALLEY,

      Plaintiff,

      vs.                                     No. CIV 97-1320 JC/JHG

FURR'S MARKET, INC., and
NEW MEXICO DEPARTMENT OF LABOR,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of pending motions to dismiss filed by Defendant Furr's Markets, Inc. *(Doc. 30)* and Defendant New Mexico Department of Labor *(Doc. 27)*. The Court has reviewed the motions, the memoranda submitted by the parties and the relevant authorities. The Court finds that the motions are well taken and that the defendants are entitled to dismissal of the all the claims against them.

**I.**  **Background**

Plaintiff filed a charge against Furr's Markets, Inc. ("Furr's") with the New Mexico Department of Labor ("NMDOL") alleging a violation of § 28-1-10 of the New Mexico Human Rights Act. Mr. Talley, an African-American male, contends that a Furr's deli employee first offered service to a white couple although Plaintiff had arrived earlier at the deli counter. This charge of discrimination based upon race was dismissed by the NMDOL in September 1997 with a finding of no probable cause.

On October 8, 1997, Plaintiff filed this complaint in federal district court against both Furr's and the NMDOL alleging violations of 42 U.S.C. § 1983 and § 2000a. On July 31, 1998, I dismissed Plaintiff's § 1983 claim against Furr's and dismissed the § 2000a claim insofar as it sought monetary damages. I also permitted Plaintiff to amend his complaint to add certain factual allegations that were possibly relevant on the issue of discriminatory motive, but prohibited him from bringing any new claims pursuant to those factual allegations.

## II. Analysis

The Court should apply liberal standards when a plaintiff is proceeding *pro se*. See Haines v. Kerner, 404 U.S. 519, 520 (1971); Reynoldson v. Shillinger, 907 F.2d 124, 125-26 (10th Cir. 1990). Even assuming all of the allegations of the complaint to be true and construing the complaint liberally and in light most favorable to the plaintiff, I find that Plaintiff has not shown that he can obtain any relief in this Court.[1]

### A. Claims against the New Mexico Department of Labor

In essence, Plaintiff asserts that the NMDOL's investigation of his charge of discrimination was incomplete and that the finding of "no probable cause" was erroneous. Insofar as his claim seeks monetary damages pursuant to 42 U.S.C. § 1983, it simply cannot be entertained in federal court. The claim against the NMDOL is a cause of action against "an arm of the State." Because the State has not waived its immunity from suit for monetary damages in a federal forum and Congress did not abrogate the State's immunity in enacting § 1983, the claim for damages is barred by the Eleventh Amendment.

---

[1] Because I find that the defendants are entitled to dismissal of all claims, Mr. Talley's Motion for Summary Judgment *(Doc. 6)* is deemed moot.

Mr. Talley also seeks injunctive relief ordering the NMDOL to reopen the investigation into his charge of discrimination. Plaintiff contends that his right to due process was violated by the NMDOL. Yet, "in challenging a property deprivation, the claimant must either avail himself of the remedies guaranteed by state law or prove that the available remedies are inadequate." Hudson v. Palmer, 468 U.S. 517, 539 (1984) (O'Connor, J., concurring).

In the present case, the State of New Mexico provided Plaintiff with a remedy if he felt aggrieved by the investigation and decision of the NMDOL. See N.M.S.A. § 28-1-13 (providing process for appealing an NMDOL determination of no probable cause). Plaintiff has offered no explanation why he failed to avail himself of this right to *de novo* trial in state court for challenging the NMDOL decision. Nevertheless, it is the availability of an adequate state law procedure that precludes a subsequent action under § 1983. See Zinermon v. Burch, 494 U.S. 113, 118 (1990). Having failed to state a viable claim for injunctive relief against the State, all claims against the NMDOL will be dismissed.

      **B.**     **Remaining § 2000a Claim against Furr's**

As previously found, money damages are not available for violations of § 2000a. Newman v. Piggie Park Enters., Inc., 390 U.S. 400 (1968). The sole private remedy is an injunction under 42 U.S.C. § 2000a-3. To justify injunctive relief, a plaintiff must show a "real or immediate threat that the plaintiff will be wronged again-- 'a likelihood of substantial and immediate irreparable injury.'" City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983) (quoting O'Shea v. Littleton, 414 U.S. 488, 502 (1974)).

Talley complains of one instance of past conduct--a delay in receiving service. He has not sufficiently alleged that such an event would be likely to occur again. Indeed, he acknowledges that

the store manager issued him an apology in connection with the alleged incident. Thus, Plaintiff has failed to allege circumstances which would warrant injunctive relief and has thereby failed to state a claim under § 2000a-3.

Wherefore,

IT IS HEREBY ORDERED that the Motions to Dismiss filed by Defendant Furr's Markets, Inc. *(Doc. 30)* and Defendant New Mexico Department of Labor *(Doc. 27)* are **granted**. Because the claim for damages against the NMDOL is barred by the Eleventh Amendment, it is dismissed without prejudice. The remainder of the action against both Furr's and the NMDOL is dismissed with prejudice.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment is denied as moot.

DATED this 1st day of March, 1999.

_____
CHIEF UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| *Pro se* Plaintiff: | Richard Talley<br>Dallas, Texas |
| Counsel for Furr's: | Julie E. Chicoine<br>Marcia E. Lubar<br>Hatch, Allen & Shepherd, P. A.<br>Albuquerque, New Mexico |
| Counsel for NMDOL: | Barbara Pryor<br>McCary, Wilson & Pryor<br>Albuquerque, New Mexico |